# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **DARLA DUNLAP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-00790-O-BP** |
| | § | |
| **FORT WORTH INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are a motion to dismiss and appendix in support filed by Fort Worth Independent School District, Kent Scribner, Berty Magana, Debora Fuentes, Teronna Bowden, Lorena Ferrales, Lizeth Menchaca, Amparo Martinez, and Nydia Lewis (collectively, "Defendants") on July 27, 2021. ECF Nos. 8, 9. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion to Dismiss (ECF No. 8) and **DISMISS WITH PREJUDICE** Plaintiff's claims under Title VII of the Civil Rights Act of 1964, Chapter 21 of the Texas Labor Code, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and 42 U.S.C. § 1981, as well as her defamation claims against Fort Worth Independent School District; and **DISMISS WITHOUT PREJUDICE** her claims under 42 U.S.C. § 1983 against Fort Worth Independent School District and her defamation claims against the individual defendants.

## I.    BACKGROUND

Darla Dunlap is a veteran educator with Fort Worth Independent School District (hereinafter "the District" or "FWISD") who has worked at FWISD schools for seventeen years and currently teaches at Van Zandt-Guinn Elementary. ECF No. 1-4 at 22. Dunlap formerly served as an instructional coach, but the District eliminated that position in 2020. *Id.* at 25. Upon reapplication for employment, required of all instructional coaches for the 2020-2021 school year, Dunlap was hired to teach third grade. ECF No. 8 at 20.

Dunlap, a fifty-four-year-old African American woman, considers this a demotion and alleges race and age discrimination and retaliation with respect to the District's decision not to select her for a remaining instructional coach position. ECF No. 1-4. After filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), Dunlap received a right-to-sue letter on February 22, 2021. *See* ECF No. 9 at 9-11. Thereafter, she initiated this *pro se* proceeding against FWISD and ten related individuals (the "Individual Defendants") in state court in Tarrant County, Texas. ECF No. 1-4.

Defendants removed Dunlap's lawsuit to this Court on June 28. ECF No. 1. In the Petition, Dunlap asserted sweeping allegations of impropriety by each defendant. Liberally construed, the Petition alleges race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and Chapter 21 of the Texas Labor Code ("Chapter 21"); age discrimination under the Age Discrimination in Employment Act ("ADEA"); disability discrimination under the Americans with Disabilities Act ("ADA"); civil rights violations under 42 U.S.C. §§ 1981 and 1983; and state law defamation claims. *See* ECF No. 1-4.

Defendants moved to dismiss the case on July 27, arguing (1) Dunlap cannot bring Title VII/Chapter 21, ADA, or ADEA claims against individuals; (2) Dunlap failed to exhaust her

administrative remedies prior to commencing this action; (3) even if she had exhausted her administrative remedies, she does not make the required showings for her discrimination and retaliation claims against the District; (4) she cannot allege viable claims under § 1981 or § 1983 because the facts support relief through alternative statutes; and (5) she does not make the required showings for her defamation claims against any individual defendant, and the Texas Tort Claims Act ("TTCA") bars any defamation claims against the District. ECF No. 8 at 8-9, 30-32. Based on the Petition's alleged shortcomings, Defendants argue Dunlap's case should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Since Defendant Magana filed an answer in Dunlap's state court proceeding prior to its removal, she moves for dismissal on the same grounds under Fed. R. Civ. P. 12(c). Dunlap did not respond to the Motion to Dismiss.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6) and Rule 12(c) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the complaint's allegations are true." *Id.*

When examining the pleadings of *pro se* parties, courts have wide interpretive latitude. "'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting

*Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Nonetheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

District courts "can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).  Thus, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).  When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, courts may consider documents outside the complaint that are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  Additionally, courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit recommends suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An "incurable defect" may arise when a complaint's facts are "not actionable as a matter of law." *Taubenfeld v. Hotels.com*, 385 F. Supp. 587, 592 (N.D. Tex. 2004). In such situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Rule 12(h) authorizes a party to move under Rule 12(c) for judgment on the pleadings for failure to state a claim at any time in the proceeding unless such timing would cause undue delay. *See* Fed. R. Civ. P. 12(c), (h). If a party moves under Rule 12(c) to dismiss an action for failure to state a claim, courts treat the motion as a Rule 12(b)(6) motion in all relevant respects and apply the same standards to the analysis. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

### B.    Title VII and Chapter 21 Standard

Title VII makes it illegal for employers to "discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e); *Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir. 1990). Chapter 21 exists to "provide for the execution of the policies of Title VII." Tex. Lab. Code Ann. § 21.001(1). The operative legal standards are identical for

violations of Title VII and Chapter 21. *See Bartosh v. Sam Houston State Univ.*, 259 S.W. 3d 317, 322 & n.7 (Tex. App.—Texarkana 2008, pet. denied) ("The Texas Labor Code discrimination provisions are modeled on Title VII . . . and Texas courts follow the federal statutes and cases in applying the Texas statute."). As discussed below, references to Dunlap's Title VII claim incorporate analysis of her identical Chapter 21 claim.

To show Title VII race discrimination, Plaintiff must establish she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Plaintiff bears the initial burden of establishing each element in her pleadings. *McDonnell Douglass Corp. v. Green*, 441 U.S. 792, 802 (1973). Only after Plaintiff has demonstrated each element in her pleadings does the burden shift to the defense. *Id.* "[A]lthough plaintiffs do not 'have to submit evidence to establish a prima facie case . . . at this stage, [they must] plead sufficient facts on all of the *ultimate elements* . . . to make [their] case plausible.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)) (emphasis and alterations in original). "Specifically, a plaintiff must allege specific facts sufficient to support a finding that [s]he was treated less favorably than *others outside of h[er] protected class*." *Olivarez v. T-Mobile USA, Inc*., 997 F.3d 595, 600 (5th Cir. 2021). Similarly, to assert a Title VII retaliation claim, "a plaintiff bears the initial burden to show: '(1) that [s]he engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action.'" *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 618-19 (5th Cir. 2020) (quoting *Ackel v. Nat'l*

*Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)).

### C.    ADA Standard

The ADA provides that no employer shall "discriminate against a qualified individual with a disability because of the disability of such individual." *See* 42 U.S.C. § 12112. To establish an ADA discrimination claim, a plaintiff must show: "(1) [s]he is disabled within the meaning of the ADA, (2) [s]he is qualified and able to perform the essential functions of h[er] job, and (3) h[er] employer fired h[er] because of h[er] disability." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (discussing *Talk v. Delta Airlines*, 165 F.3d 1021, 1024 (5th Cir. 1999)). These "threshold requirements" must be affirmatively pleaded to state an ADA claim, though plaintiffs need not definitively prove them until the summary judgment stage. *Id.* The *McDonnell-Douglas* burden-shifting applied to Title VII also applies to ADA claims. *Id.*

### D.    ADEA Standard

The ADEA applies Title VII's employment discrimination protections to age discrimination. *See* 29 U.S.C. 623(a)(1). To state an ADEA discrimination claim, Plaintiff must show: "(1) [s]he was discharged; (2) [s]he was qualified for the position; (3) [s]he was within the protected class at the time of the discharge; and (4) [s]he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of h[er] age." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993) (discussing *Fields v. J.C. Penney Co.*, 968 F.2d 533, 536 (5th Cir. 1992)). As with Title VII and ADA claims, plaintiffs must present facts for each element of their ADEA claim, though proving each element is the "plaintiff's ultimate proof burden in ADEA claims, *not the pleading burden*." *Leal v. McHugh*, 731 F.3d 405, 414 (5th Cir. 2013). The Fifth Circuit applies *McDonnell-Douglas* burden-shifting to ADEA claims. *Jackson v. Cal-Western Packaging Grp.*, 602 F.3d 374, 378 (5th Cir. 2010).

### E.    Administrative Exhaustion Standards

The EEOC enforces employment discrimination claims brought under Title VII, the ADA, the ADEA, and other statutes. *See* 42 U.S.C. § 12117(a). Before a plaintiff can sue in federal court for violations of Title VII, the ADA, or the ADEA, "she must first file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996) (discussing the requirement for ADA claims). *See also McClain v. Lefkin Indus., Inc.*, 519 F.3d 624, 673 (5th Cir. 2008) (applying the same requirement to Title VII claims); *Bettcher v. Brown Schs., Inc.*, 262 F.3d 492, 494 (5th Cir. 2001) (ADEA claims).

Plaintiffs satisfy the exhaustion requirement by filing a charge and receiving a "right-to-sue" letter from the EEOC or relevant state or local agency. *Dao*, 96 F.3d at 788 (discussing *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980)). Any resulting lawsuit must be limited to the scope of the EEOC's investigation, reasonably expected to flow from the charge, and filed within a statutory timeframe. *Id.*; *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). When determining if a complaint exceeds the scope of the EEOC proceeding, courts constrain their analysis to the facts in the administrative charge, right-to-sue letter, and complaint. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). Although the resulting suit can involve "any kind of discrimination like or related to the charge's allegations," the charge must be sufficient to put the employer on notice of the plaintiff's allegations. *Id.*

Plaintiffs fail to exhaust their administrative remedies by either foregoing the above process or asserting claims beyond the scope of the charge and right-to-sue letter. *Id.* "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain*,

519 F.3d at 274. While not jurisdictional, this requirement "is a precondition to filing suit in district court." *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983). Thus, complaints asserting unexhausted claims should be dismissed for failure to state a claim under Rule 12(b)(6). *Id.*; *Dao*, 96 F.3d at 788; *King v. Life Sch.*, 809 F. Supp. 572, 578 (N.D. Tex. 2011).

## III.    ANALYSIS

### A.    Dunlap does not state viable claims against the Individual Defendants under Title VII/Chapter 21, the ADA, or the ADEA.

Dunlap broadly alleges impropriety by the Individual Defendants, but does not assert specific, legally cognizable claims. *See, e.g.*, ECF No. 1-4 at 14 ("The bullying and harassment by [] Debora Fuentes . . . created a hostile workplace environment."); 15 ("Teronna Bowden also made other defamatory remarks about me."); 16 ("[B]ased on the two racial discrimination emails that Plaintiff [] sent, and that have not received a response, plaintiff believes that the superintendent is a supporter of racial discrimination [and] disfavors African American employees."); 17 ("Lorena Ferrales, R. Putney, and Data Analyst S. Vera did everything they could to create a hostile workplace environment because they didn't want an African American instructional coach at their school."); *id.* ("Amparo Martinez' response informed me that she is a racist and that she supports racial discrimination."); 22 ("[Defendants] racially discriminated against Plaintiff [] only because she is a black female."); *id.* ("[Defendants] allowed their subordinates to defame/slander Plaintiff [] and . . . created a hostile work environment in which the discrimination could fester.").

Liberally construed, the Petition alleges Defendants were racially discriminatory in violation of Title VII, failed to make reasonable accommodations for Dunlap's migraine headache-induced absences in violation of the ADA, and hired a younger Caucasian female over her for an instructional coach position, thus violating the ADEA. *See* ECF No. 1-4 at 27, 11, and 26. Dunlap does not have to prove her case to survive Defendants' Motion to Dismiss. *Twombly*, 550 U.S. at

9

555; *Cicalese*, 924 F.3d at 765 (quoting *Chhim*, 836 F.3d at 470). But because she sues under statutes applicable to "employers," she must show the Defendants were her employer to state a claim for relief. *See Harvey*, 913 F.2d at 227; 42 U.S.C. § 2000(e)(2)(a) (Title VII); 29 U.S.C. § 623(a) (ADEA); 42 U.S.C. § 12112(a) (ADA).

   "Determining whether a defendant is an 'employer' . . . involves a two-step process." *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118 (5th Cir. 1993). "[F]irst, the defendant must fall within the statutory definition." *Id.* at 118. If the defendant does, the Court must then ask if there is "an employment relationship between the plaintiff and the defendant." *Id.* The parties do not dispute Dunlap is a member of a protected class. However, Dunlap does not allege that she is in an employer-employee relationship with the Individual Defendants. The statutes under which Dunlap sues include certain agents within their definition of "employer." *See* 42 U.S.C. § 2000(e)(b) (Title VII); 42 U.S.C. § 630(b) (ADEA); 42 U.S.C. § 12111(5)(A) (ADA). But these involve persons in direct supervisory roles with the capacity to hire and fire. *Id.* Here, Defendants Bowden, Lewis, and Menchaca are fellow elementary school teachers, and Defendant Magana is Assistant Director of Coaching. ECF No. 8 at 10, 12, 13, 15. Dunlap alleged no facts showing these persons had authority to hire or fire her.

   Dunlap also fails to allege enough facts to state a claim against the remaining Individual Defendants, Scribner (FWISD superintendent), Martinez and Ferrales (principals at Dunlap's former schools), and Fuentes (principal at Dunlap's current school). Dunlap cannot sue them for discrimination for actions taken in their personal capacity. *See Harvey*, 913 F.2d at 227. Nor can she sue them for discrimination for actions taken in their official capacity, because plaintiffs cannot bring redundant suits against a government employer and its representatives. *See Appleberry v. Fort Worth Indep. Sch. Dist.*, No. 4:12-cv-00235-A, 2012 WL 5076039 (N.D. Tex. Oct. 17, 2012).

Otherwise, plaintiffs could doubly recover for the same claims by suing both their boss and their employing organization—a form of double-dipping the law does not countenance. *Id.*

Where defendants cannot be liable for a claim as a matter of law, the claim should be dismissed under Rule 12(b)(6). *Jones*, 549 U.S. at 215. Because Dunlap cannot maintain a statutory discrimination claim against the Individual Defendants, Judge O'Connor should dismiss those claims under Rule 12(b)(6) and, for Magana, under Rule 12(c). Because the Individual Defendants cannot as a matter of law be liable under Title VII, the ADA, or the ADEA, any amendment of those claims would be futile. *See Taubenfeld*, 385 F. Supp. at 592 (holding amendment is futile when a claim is "not actionable as a matter of law"). Thus, Judge O'Connor should dismiss Dunlap's Title VII, ADA, and ADEA claims against the Individual Defendants with prejudice.

> **B.    Dunlap does not state plausible claims for relief against FWISD under Title VII/Chapter 21, the ADA, or the ADEA.**

> **1.    Dunlap did not exhaust her administrative remedies before filing suit.**

Each anti-discrimination statute under which Dunlap sues has an exhaustion requirement. *See Dao*, 96 F.3d at 788 (requiring exhaustion before suing under the ADA); *McClain*, 519 F.3d at 673 (Title VII); *Bettcher*, 262 F.3d at 494 (ADEA). Dunlap filed a charge with the EEOC and received a right-to-sue letter, *see* ECF No. 1-4 at 6, which typically satisfies the exhaustion requirement. *Dao*, 96 F.3d at 788 (discussing *Nilsen*, 621 F.2d at 120). But right-to-sue letters do not satisfy the exhaustion requirement for lawsuits beyond their scope. *Id.*; *Sanchez*, 431 F.2d at 466. Because Dunlap's claims exceed the scope of her EEOC charge and right-to-sue letter, she failed to exhaust her administrative remedies. *See Pacheco*, 448 F.3d at 789.

Although it referenced prior charges, her current charge only stated five claims: (1) she was not rehired as an instructional coach because of her age and race; (2) the decision not to rehire her as an instructional coach was in retaliation for her prior EEOC claims against the District; (3)

11

she was passed over in favor of a younger, Caucasian female; (4) the District favors "Hispanic and European" employees over employees of other races; and (5) Scribner did not respond to her emails regarding this discrimination because he supports it. *See* ECF No. 9 at 5-6. Such charges provided insufficient notice to the District of the Petition's allegations of systemic racism, failure to accommodate under the ADA, defamation, harassment, and myriad other wrongs. *See, e.g.*, ECF No. 1-4 at 6, 7, 9, 10, 12, 15-17, 21-24. Shy of clairvoyance, there is no way the District could foresee such varied accusations from the five claims in Dunlap's EEOC charge.

Lawsuits may involve "any kind of discrimination like or related to the charge's allegations," but courts draw a line where a complaint's allegations are so different from the original charge the charge would not serve as reasonable notice to the defendant. *Pacheco*, 448 F.3d at 789. Because this lawsuit is far broader than the five counts in Dunlap's EEOC charge, it would have been impossible for the District to ameliorate the situation or pursue an appropriate administrative remedy before the EEOC, which is why exhaustion is required. *McClain*, 519 F.3d at 274 ("Courts should not condone lawsuits that exceed the scope of EEOC exhaustion because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation.").

The Fifth Circuit treats no differently plaintiffs who forego administrative exhaustion altogether and plaintiffs whose ostensible exhaustion was too narrow. *Id.*; *McClain*, 519 F.3d at 272-274. While not jurisdictional, the exhaustion requirement "is a precondition to filing suit in district court." *Cruce*, 703 F.2d at 863; *see also McClain*, 519 F.3d at 272 ("Failure to exhaust in not a procedural 'gotcha' . . . [i]t is a mainstay of proper enforcement."); *King*, 809 F. Supp. at 578 ("When the failure to exhaust is a condition precedent rather than a jurisdictional prerequisite, a motion to dismiss based on such a failure is properly filed [under] Rule 12(b)(6) rather than Rule

12(b)(1).")." Thus, Judge O'Connor should dismiss Dunlap's Title VII, ADA, and ADEA claims against FWISD for failure to state a claim on which relief can be granted. Dismissals for lack of exhaustion are ordinarily without prejudice so plaintiffs may sue again if no resolution is reached after exhaustion. *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997). But Judge O'Connor should dismiss this case with prejudice because Dunlap fails to allege legally cognizable claims, rendering exhaustion pointless.

> **2.      Even if Dunlap had exhausted her administrative remedies, she still fails to allege legally cognizable claims against FWISD under Title VII/Chapter 21, the ADA, or the ADEA.**

Dunlap's Petition does not present sufficient facts from which the Court could liberally construe a viable claim against the District. While detailed factual allegations are not necessary to survive Rule 12(b)(6) dismissal, a complaint must offer more than "conclusory statements" and "threadbare recitals of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Dunlap's claims against the District fail to make that required factual showing.

First, the Petition does not allege a plausible Title VII discrimination claim. To plead Title VII race discrimination, Dunlap must show she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy*, 492 F.3d at 556. Demotions or other employment actions that fall short of termination may qualify as "adverse employment action." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006). But Dunlap does not state facts to allege such an action. She complains of a lateral transfer after her prior position was eliminated, not a downward move motivated by racial animus. ECF No. 1-4 at 18-19. She further alleges her required reapplication was racially motivated, but her Petition

13

concedes reapplication was required of all FWISD instructional coaches: "In the late fall or early spring semester of the 2019-2020 school year . . . Defendant, Berty Magana, Assistant Director of Coaching, met with all of the instructional coaches and informed us that . . . *all ICs had to reapply for their positions.*" *Id.* at 18 (emphasis added).

Because the Petition acknowledges Dunlap was treated no differently than employees of other races with respect to her required application, she does not meet her burden to state a claim for Title VII race discrimination, *see Olivarez*, 997 F.3d at 600, or retaliation, *see Badgerow*, 974 F.3d at 618-19 (discussing *Ackel*, 339 F.3d at 385). She contends "Defendant, Berty Magana knowingly and intentionally sent the reapplication email to Plaintiff, Darla Dunlap's personal email without informing her so that she would miss the deadline to reapply for the IC position." *Id.* at 19. Thus, the Petition acknowledges Dunlap did not submit her reapplication in time for consideration and does not include facts supporting her claim the reapplication requirement was racially motivated.

Had Dunlap presented facts of any kind showing she was treated unfairly because of her race, her claim would survive Rule 12(b)(6) dismissal. As it stands, the Court is left with facts that do not support Dunlap's claims and conclusory allegations accompanied by accusatory statements rather than facts. "[A]lthough plaintiffs do not 'have to submit evidence to establish a prima facie case . . . at this stage, [they must] plead sufficient facts on all of the *ultimate elements* . . . to make [their] case plausible.'" *Cicalese*, 924 F.3d at 765 (quoting *Chhim*, 836 F.3d at 470) (emphasis and alterations in original). The dearth of facts in Dunlap's Petition supporting her discrimination claims means she fails to overcome that threshold pleading requirement. *Id.*

Second, Dunlap also fails to allege a plausible path to recovery under the ADA. To establish an ADA discrimination claim, Dunlap must show: "(1) [s]he is disabled within the

meaning of the ADA, (2) [s]he is qualified and able to perform the essential functions of h[er] job, and (3) h[er] employer fired h[er] because of h[er] disability." *Kemp*, 610 F.3d at 234 (discussing *Talk*, 165 F.3d at 1024). Dunlap's Petition vaguely references issues arising from her migraine headaches and her supervisor's response. *See* ECF No. 1-4 at 11. But she offers no facts showing she is disabled under the ADA or that undesirable employment actions were taken against her on grounds of such disability. Thus, the Petition does not state a plausible ADA claim against the District. *Kemp*, 610 F.3d at 233-34.

Third, the undersigned liberally construed Dunlap's singular reference to age discrimination as an ADEA discrimination claim. *See* ECF No. 1-4 at 21 ("[P]laintiff's civil rights were violated under Title VII . . . because I am . . . close to retirement age."). But even then, the Petition offers no facts to support that claim. To state an ADEA discrimination claim, Dunlap would need to show: "(1) [s]he was discharged; (2) [s]he was qualified for the position; (3) [s]he was within the protected class at the time of the discharge; and (4) [s]he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of h[er] age." *Bodenheimer*, 5 F.3d at 957 (discussing *Fields*, 968 F.2d at 536). Not only did she not plead facts showing she was discharged or received any adverse employment action, but the Petition's sole reference to age discrimination was conclusory, and therefore insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The crux of the issue is the same for each statutory claim Dunlap asserts: a material element of any retaliation or discrimination claim is proof of adverse employment action. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (discussing *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004)) ("Without improperly substituting an evidentiary standard for a pleading requirement, we nonetheless conclude that [Plaintiff] failed to state a claim . . . under

15

Title VII [because] . . . the 'ultimate question' in a Title VII claim remains 'whether a defendant took adverse employment action against a plaintiff *because of* her protected status.'"). This Court's holding in *Gaines* typifies the analysis: "While a plaintiff need not plead a *prima facie* case . . . in the motion to dismiss context, the *prima facie* elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim." *Gaines v. City of Dall.*, No. 3:17-cv-01867-L, 2018 WL 7078541, at *3 (N.D. Tex. Dec. 28, 2018), *rec. adopted*, 2019 WL 266855 (N.D. Tex. Jan. 18, 2019). Because internal inconsistencies undermined the Petition's allegations, Dunlap did not "nudge[] [her] claims across the line from conceivable to plausible," and her case should thus be dismissed. *Twombly*, 550 U.S. at 570.

As a pleading matter, Dunlap cannot allege a viable claim under the referenced statutes if she does not provide facts showing adverse employment action occurred. *Raj*, 714 F.3d at 331. This is especially true given the Petition's acknowledgement that reapplication was required of all instructional coaches regardless of race or age, ECF No. 1-4 at 18-19, that Dunlap did not check her personal email and thus did not submit her application materials on time, *id.* at 19, and that, by her own acknowledgement, she was unqualified for an instructional coach position from the start, *id.* at 14. Considering those facts, Dunlap did not—and indeed, *cannot*—allege a plausible claim under Title VII, the ADA, or the ADEA. When a complaint's facts "are not actionable as a matter of law," amendment is futile, and dismissal should be with prejudice. *Taubenfeld*, 385 F. Supp. at 592; *Schiller*, 342 F.3d at 566. Because no amendment could dispose of the facts undermining Dunlap's claims by her own admission, Judge O'Connor should dismiss this action with prejudice.

## C.    Dunlap does not allege a plausible § 1981 or § 1983 claim against FWISD.

As a starting point, Dunlap cannot sue the District under 42 U.S.C. § 1981 because § 1981 does not provide a separate cause of action against local governmental entities beyond that

provided in § 1983. *See Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) ("Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violations of the rights declared in § 1981."); *Oden v. Oktibbenha Cnty*, 246 F.3d 458, 463 (5th Cir. 2001) ("Subsection (c) [of § 1981, as amended in 1991] does not expressly create a remedial cause of action against local governmental entities, and we are not persuaded that such a remedy should be implied." Moreover, "*Jett* [] held that Congress intended § 1983 to be the sole remedy for discrimination by persons acting under color of state law.").

Defendants argue Dunlap also cannot bring her § 1983 claim simultaneously with a claim under Title VII. Citing *Jackson v. City of Atlanta, Texas*, Defendants contend "in the context of government employment, Title VII provides the exclusive avenue for pursuing relief for claims of racial-based discrimination, retaliation, harassment, and the like." ECF No. 8 at 27 (citing 73 F.3d 60, 633 (5th Cir. 1996)). While the intersection of Title VII and § 1983 historically has been confusing, Defendants' reliance on *City of Atlanta* is misplaced. In 1989, the Fifth Circuit addressed this issue in *Johnston v. Harris County Flood Control District*, concluding that:

> Although Title VII supplements and overlaps § 1983, it remains an exclusive remedy when a state or local employer violates only Title VII. When, however, unlawful employment practices encroach, not only on rights created by Title VII, but also on rights that are independent of Title VII, Title VII ceases to be exclusive. At this point, § 1983 and Title VII overlap, providing supplemental remedies.

869 F.2d 1565, 1576. Seven years later, a Fifth Circuit panel reversed course in *City of Atlanta*, cited by Defendants. 73 F.3d 60 at 63. But since then, cases have reinforced *Johnston* as the prevailing Fifth Circuit view. *See*, *Evans v. City of Houston*, 246 F.3d 344, 356 n.9 (2001).

Although *City of Atlanta* continues to rear its head in cases like this, the Fifth Circuit's position remains unchanged: when a defendant's conduct violates Title VII *and* § 1981, plaintiffs

17

may bring both types of claims—or, as here, plaintiffs may bring a § 1983 claim to vindicate their rights. *See, e.g.*, *Robertson v. Bd. of Sup'rs of La. State Univ.*, 273 F.3d 1108, 1111 (5th Cir. 2011); *Davis v. Dall. Indep. Sch. Dist.*, 448 F. App'x 485, 490 (5th Cir. 2011); *Lauderdale v. Tex. Dep't of Crim. Justice*, 512 F.3d 157, 165 (5th Cir. 2007); *Crain v. Judson Indep. Sch. Dist.*, No. SA-16-cv-832-XR, 2018 WL 1612857 (W.D. Tex. Apr. 3, 2018) (all holding claims could be brought simultaneously under Title VII and §§ 1981, 1983).

But legal propriety and factual plausibility are two different inquiries, and Dunlap does not adequately plead a claim under § 1983. Dunlap's sole reference to the statute comes in the first two pages of her Complaint. *See* ECF No. 1-4 at 5-6. Rather than stating facts that set forth the elements for her claim, the Complaint simply quotes the statute and proceeds to its factual recitations without referencing the statute again in the twenty proceeding pages. The Complaint thus fails to state a claim for which relief can be granted, warranting dismissal. *Twombly*, 550 U.S. at 570. Although the Complaint's factual paucity does not even permit the Court to liberally construe a § 1983 claim, the undersigned cannot conclude at this point that Dunlap could not state facts that would establish such a claim. Accordingly, Judge O'Connor should dismiss Dunlap's § 1983 claim without prejudice, affording her the opportunity to replead with facts supporting such a claim if she does so within the fourteen-day period provided for objections to these findings, conclusions, and recommendation.

### D.   Dunlap cannot state a defamation claim against FWISD and does not state a defamation claim against any individual defendant.

Courts must read between the lines of *pro se* pleadings to determine if they present a viable claim under an improper label or no label at all. *See Estelle*, 429 U.S. at 106. Having done so for Dunlap's Petition, which contains the word "slander" twenty-eight times and "defame" or "defamation" thirty-one times, the undersigned concludes Dunlap intended to assert a defamation

claim against Defendants Magana, Martinez, Ferrales, and Menchaca, as well as several individuals not party to this suit. *See, e.g.*, ECF No. 1-4 at 22, 23, 30, 33. Dunlap does not seem to allege defamation by the District, just its employees. *See, e.g.*, ECF No. 1-4 at 22, 23, 30, 33.

Even if she had pleaded a claim against the District, however, sovereign immunity would bar her suit. *Hill v. Fort Bend Indep. Sch. Dist.*, 275 F.3d 42 (5th Cir. 2001).  Although the TTCA waives sovereign immunity for certain claims, defamation is not one of them. *Id.*; s*ee also* Tex. Civ. Prac. & Rem. Code § 101.001(3)(B) (applying the TTCA to school districts), § 101.057(2) (list of authorized claims); *Williams v. City of Irving, Tex.*, No. 3:15-cv-1701-L-BH, at *9 (N.D. Tex. July 14, 2017), *rec. adopted*, 2017 WL 3726980 (N.D. Tex. Aug. 30, 2017). Thus, Dunlap cannot bring a defamation claim against the District as a matter of law, and any amendment of that claim would be futile. Judge O'Connor should therefore dismiss this claim with prejudice.

As to any liberally construed defamation claims against the Individual Defendants, Dunlap fails to state a claim for which relief can be granted. "Defamation's elements include (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). Comments about a person's character within general internal emails are not, by themselves, defamatory. *Hancock v. Variyam*, 400 S.W.3d 59, 66 (Tex. 2013). Furthermore, every reference to "slander" or "defame" in the Petition is conclusory because Dunlap classifies the comment as such without showing how it fits that classification. *See, e.g.*, ECF No. 1-4 at 16, 21 22, 23, 30, 33. The Petition therefore contains "threadbare recitals" of defamation and supports them with "mere conclusory statements." *See Iqbal*, 556 U.S. at 678. But because the Court cannot say that Dunlap could not amend her claims against the Individual Defendants to properly allege defamation, Judge O'Connor should dismiss any defamation claims

against the Individual Defendants without prejudice and with leave to file an amended complaint properly pleading those claims.

## IV.    OPPORTUNITY TO AMEND

Courts may dismiss an action with prejudice without giving the plaintiff an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the Court, and the plaintiff has had ample opportunity to file an amended complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995). Here, Plaintiff has not filed a response to Defendant's Motion despite the Court's Order of July 29, 2021 ordering her to do so. ECF No. 12. Dunlap has had ample opportunity to amend her Petition since then. However, because it appears to the Court that Dunlap has not alleged her best case against the District for violation of 42 U.S.C. § 1983 and against the Individual Defendants for defamation, she should be afforded an opportunity to file an amended complaint to allege sufficient facts to state those claims. If she does so within the fourteen days provided for objections to these findings, conclusions, and recommendation, Judge O'Connor should deny the Defendants' Motion to Dismiss as to those claims. If Dunlap fails to file an amended complaint that properly pleads claims for violation for violation of 42 U.S.C. § 1983 against the District and defamation against one or more of the Individual Defendants, Judge O'Connor should dismiss those claims with prejudice.

## V.    CONCLUSION

Dunlap's claims against the Individual Defendants under Title VII/Chapter 21, the ADA, and the ADEA must be dismissed with prejudice because the Individual Defendants are not her employers and thus cannot be held liable for Dunlap's employment discrimination lawsuit. Her race, disability, and age discrimination claims against the District must be dismissed because they are unexhausted. While dismissals on grounds of exhaustion are typically without prejudice,

Dunlap's claims against the District should be dismissed with prejudice because, based upon the facts in the Petition, Dunlap is unable to allege a viable discrimination or retaliation claim against the District, rendering amendment futile. Dunlap's claim against the District under 42 U.S.C. § 1981 should be dismissed because § 1983 provides the exclusive remedy for Dunlap's claims. Her claim against the District under 42 U.S.C. § 1983 should be dismissed without prejudice because Dunlap fails to state a claim for which relief can be granted, but potentially could do so if she filed an amended complaint. Finally, any defamation claims Dunlap may seek to assert against the District should be dismissed with prejudice because she cannot allege such a claim as a matter of law, and her defamation claims against the Individual Defendants should be dismissed without prejudice because she fails to state a claim for which relief could be granted, but potentially could do so in an amended complaint.

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion to Dismiss (ECF No. 8) and **DISMISS WITH PREJUDICE** Dunlap's claims under Title VII, Chapter 21, the ADA, the ADEA, and 42 U.S.C. § 1981, and her defamation claims against the District; and **DISMISS WITHOUT PREJUDICE** Dunlap's claims against the District under 42 U.S.C. § 1983 and her defamation claims against the Individual Defendants if Dunlap files an amended complaint stating a claim against the District under 42 U.S.C. § 1983 and against one or more of the Individual Defendants for defamation within the fourteen days allotted for objections to these findings, conclusions, and recommendation, or such other time as ordered by Judge O'Connor. If Dunlap fails to file an amended complaint properly alleging those claims within that time, Judge O'Connor should dismiss such claims **WITH PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 15, 2021.


Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE